IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEVONTE MONTEL EATON,** | : | CIVIL ACTION NO. 1:25-CV-222 |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| v. | : | |
| | : | |
| **WARDEN FERNANDO GARZA**, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## **MEMORANDUM**

This is a prisoner civil rights case filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and the Federal Tort Claims Act ("FTCA"). Plaintiff, Devonte Montel Eaton, asserts civil rights claims arising out of an alleged assault by a correctional officer and prison officials' negligence in failing to protect him from slippery conditions when his housing block was flooded. We will dismiss Eaton's <u>Bivens</u> claims with prejudice, substitute the United States of America as the only defendant with respect to Eaton's FTCA claims, and direct service of process on the United States.

**I.     Factual Background & Procedural History**

Eaton, who has been incarcerated in Canaan United States Penitentiary ("USP-Canaan") at all relevant times, filed this case on February 4, 2025. According to the complaint, a water pipe in Eaton's housing unit burst at approximately 12:30 p.m. on August 15, 2024, which caused the unit to flood. (Doc. 1 at 5). Prison officials were allegedly informed of the flooding but refused to move the inmates in the unit to another housing unit. (<u>Id.</u>) At approximately 8:15 p.m. that night, Eaton

purportedly tried to climb down from his bunk bed but slipped on a puddle caused by the burst water pipe and fell, hitting his head on the toilet and becoming unresponsive. (Id.) At approximately 8:25 p.m., while Eaton was "barely conscious" from his fall, defendant Beck allegedly choked Eaton, briefly walked away, returned, and choked him a second time. (Id. at 4).[1]

Eaton asserts claims for violations of his Eighth and Fourteenth Amendment rights pursuant to Bivens and the FTCA. (Id. at 8). We liberally construe his FTCA claims as asserting tort claims for assault, battery, and negligence. The complaint names as defendants Beck and Fernando Garza, the warden of USP-Canaan. (Id. at 1). Eaton seeks damages. (Id. at 8).

## II. Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. §

---

[1] The complaint also alleges that Eaton suffered injuries to his back during a fall from his bunk bed at a prison in Illinois in 2018 and during a car accident in 2020. (Doc. 1 at 6). The court does not construe these allegations as asserting separate claims, because Eaton appears to be providing this information solely to aid the court's understanding of his injuries. (See id. ("I want the court to be aware that I suffer from two prior incidents that has left me with severe preexisting back pain")).

1915(e)(2);[2] 28 U.S.C. § 1915A.[3]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017).  This standard requires the court to "accept all factual allegations as

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

3

true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded,

4

must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. Discussion

#### A. Bivens Claim

In Bivens, the Supreme Court recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials, whose conduct was not encompassed by the statutory remedy available against state actors under 42 U.S.C. § 1983. Bivens, 403 U.S. at 397. In over 50 years since Bivens was decided in 1971, the Court has extended Bivens only twice: first, to a claim for sex discrimination under the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228, 248-49 (1979), and later to a claim for inadequate prison medical care under the Cruel and Unusual Punishment Clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 18-23 (1980).

Prior to the Supreme Court's decision in Ziglar v. Abbasi, 582 U.S. 120 (2017), Bivens claims were commonly recognized in many contexts. Ziglar and its progeny, however, severely limit the class of cases in which Bivens may proceed.

Ziglar sets forth a two-part test for determining whether a Bivens claim may proceed. First, courts must ascertain whether the case presents a "new context." Id. at 138. If the case differs "in a meaningful way" from previous Bivens cases decided by the Supreme Court, "then the context is new." Id. at 139. And the meaning of "new context" is "broad." Hernandez v. Mesa, 589 U.S. 93, 102 (2020). Second, if the case presents a new context, the court must then consider whether "special factors" counsel against extending the Bivens remedy. Id. This inquiry

5

asks whether "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." Egbert v. Boule, 596 U.S. 482, 492 (2022) (quoting Ziglar, 582 U.S. at 136). If a court concludes that "even a single reason" exists to pause "before applying Bivens in a new context," then special factors counseling hesitation exist and a Bivens remedy does not lie. Id. (internal quotation marks omitted) (quoting Hernandez, 589 U.S. at 102).

The Court's decision in Egbert reemphasizes that the continued refusal to "imply a similar cause of action for other alleged constitutional violations" is intentional and that recognizing a new Bivens cause of action is "a disfavored judicial activity." Egbert, 596 U.S. at 491 (quoting Ziglar, 582 U.S. at 135). Egbert clarifies that the two-step process laid out in Ziglar "often resolve[s] to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." Id. at 483. In other words: if there is "*any* rational reason (even one) to think that *Congress* is better suited" to determine the propriety of a cause of action, then a Bivens action cannot proceed. Id. at 496. The court must broadly inquire whether "there is any reason to think that 'judicial intrusion' into a given field might be 'harmful' or 'inappropriate'"—and if the answer is "yes," or even *potentially* yes, the plaintiff cannot recover under Bivens. Id. (quoting United States v. Stanley, 483 U.S. 669, 681 (1987)).

Although Ziglar, Hernandez, and Egbert only list Bivens, Davis, and Carlson as cases where the Supreme Court has recognized a Bivens claim, until recently the United States Court of Appeals for the Third Circuit recognized that plaintiffs could also file Bivens claims alleging that prison officials were deliberately indifferent to

6

the risk that they would be assaulted by other inmates. See Shorter v. United States, 12 F.4th 366, 372-73 (3d Cir. 2021), *abrogated by* Egbert, 596 U.S. at 492, *as recognized in* Fisher v. Hollingsworth, 115 F.4th 197, 204-08 (3d Cir. 2024); Bistrian v. Levi, 912 F.3d 79 (3d Cir. 2018), *abrogated by* Egbert, 596 U.S. at 492, *as recognized in* Fisher, 115 F.4th at 204-08.

In Fisher v. Hollingsworth, however, the Third Circuit held that Egbert abrogated the contrary holdings in Bistrian and Shorter recognizing a Bivens claim for failure to protect a plaintiff from inmate-on-inmate violence. Fisher, 115 F.4th at 206. "Egbert," the Fisher court explains, "tightened the Ziglar test and, in doing so, made a strong statement that lower courts should not extend Bivens beyond the contexts recognized in Bivens, Davis, and Carlson." Id. at 204. Egbert's "new articulation" of the new context step of the Ziglar test "unequivocally narrows the universe of relevant cases to just three," i.e., Bivens, Davis, and Carlson. Id. Under Fisher, "unless a case is indistinguishable from Bivens, Davis, or Carlson, a damages remedy may be created by Congress, but not by the courts." Id. at 205. With the standards enumerated by Ziglar, Hernandez, Egbert, and Fisher in mind, we begin our analysis of whether the Bivens claim in the instant case can proceed.

1. **New Context**

To determine whether a Bivens claim presents a new context, a court must determine whether it "is different in a meaningful way from previous Bivens cases decided" by the Supreme Court—in other words, Bivens, Davis, and Carlson. Ziglar, 582 U.S. at 139.

7

We find that Eaton's <u>Bivens</u> claim arising from defendant Beck allegedly choking him presents a new context for <u>Bivens</u> liability. As our court of appeals recently noted, the Supreme Court "has not recognized an Eighth Amendment [<u>Bivens</u>] claim arising from a correctional officer's use of excessive force against a prisoner." <u>Landis v. Moyer</u>, No. 22-2241, 2024 WL 937070, at *2 (3d Cir. Mar. 5, 2024) (nonprecedential); <u>see also</u> <u>Alsop v. Fed. Bureau of Prisons</u>, No. 22-1933, 2022 WL 16734497, at *3 (3d Cir. Nov. 7, 2022) (nonprecedential) (noting that alleged use of force by correctional officers is "not a basis for relief under <u>Bivens</u>").

Eaton's claim arising from defendants' failure to remove him from the flooded housing unit similarly presents a new context for <u>Bivens</u> liability. The Third Circuit has recognized that claims of deliberate indifference to a substantial risk of harm caused by the conditions of a plaintiff's confinement are a new context for <u>Bivens</u> liability. See <u>Mammana v. Barben</u>, 856 F. App'x 411, 414 (3d Cir. 2021) (nonprecedential) (noting that claims of deliberate indifference to conditions of plaintiff's confinement "bear little resemblance" to the claim of deliberate indifference at issue in <u>Carlson</u>).

    **2.**    **Special Factors**

Having concluded that Eaton's claims present new contexts for <u>Bivens</u> liability, we must determine whether "there are any special factors that counsel hesitation" in extending <u>Bivens</u>. <u>Hernandez</u>, 589 U.S. at 102 (cleaned up) (quoting <u>Ziglar</u>, 582 U.S. at 136). If a court "ha[s] reason to pause before applying <u>Bivens</u> in a new context or to a new class of defendants," then special factors counseling hesitation exist. <u>Id.</u>

8

The court's special factors analysis is controlled by <u>Fisher</u>, which holds that the BOP's administrative remedy program is a special factor barring extension of <u>Bivens</u>. <u>Fisher</u>, 115 F.4th at 208. We accordingly conclude that the administrative remedy program bars this court from extending <u>Bivens</u> to the new contexts presented by Eaton's claims. The <u>Bivens</u> claims will be dismissed with prejudice.

B. **FTCA Claim**

The FTCA allows plaintiffs to bring certain state law tort claims against the United States. <u>Brownback v. King</u>, 592 U.S. 209, 210 (2021). For a court to have jurisdiction over an FTCA complaint, the complaint must assert a claim "[1] against the United States, [2] for money damages, [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." <u>CNA v. United States</u>, 535 F.3d 132, 141 (3d Cir. 2008). An FTCA claim must be based on a tort claim that is cognizable under state law. <u>Id.</u>

Having reviewed Eaton's complaint, we find that it can proceed on FTCA claims for battery, assault, and negligence. However, because the United States is the only proper defendant to an FTCA claim, <u>see id.</u> at 138 n.2, we will dismiss the named defendants and substitute the United States as the defendant in this action. <u>See</u> <u>Hui v. Castaneda</u>, 559 U.S. 799, 801 (2010) ("When federal employees are sued for damages for harms caused in the course of their employment, the Federal Tort Claims Act . . . generally authorizes substitution of the United States as the

9

defendant."). The court's decision to allow the FTCA claims to proceed against the United States is without prejudice to the United States' right to move to dismiss the complaint.

### C. Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim, courts must permit a curative amendment unless the amendment would be inequitable or futile. Phillips, 515 F.3d at 245. We will dismiss Eaton's Bivens claims with prejudice because those claims fail as a matter of law. This case will proceed solely as to Eaton's FTCA claims against the United States.

### IV. Conclusion

We will dismiss Eaton's Bivens claims with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, substitute the United States as the defendant with respect to Eaton's FTCA claims, and direct service on the United States. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: February 21, 2025