**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEVONTE MONTEL EATON,** | : | **CIVIL ACTION NO. 1:25-CV-222** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

This is a tort action filed pursuant to the Federal Tort Claims Act ("FTCA"). The United States, the sole defendant in this action, has moved to dismiss the case without prejudice for lack of subject matter jurisdiction due to plaintiff's failure to exhaust administrative remedies prior to filing suit. The motion will be granted.

## I. Factual Background & Procedural History

Plaintiff, Devonte Montel Eaton, filed this case *pro se* on February 4, 2025, asserting claims against multiple individual defendants pursuant to the FTCA and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. 1). On February 21, 2025, the court dismissed the Bivens claims as an improper extension of the implied damages remedy recognized by Bivens and its progeny, substituted the United States as the proper defendant for the FTCA claims, and ordered service of process on the United States. (Docs. 6–7). Eaton subsequently filed an amended complaint against the United States on May 20, 2025. (Doc. 9). The court ordered service of the amended complaint on October 2, 2025. (Doc. 13). Later that day, however, the case was stayed as a result of an

omnibus stay order issued by Chief United States District Judge Matthew W. Brann, which stayed all cases in which the executive branch of the United States was a party due to a lapse in government appropriations. See *In re*: Certain Matters Pending Before the United States District Court for the Middle District of Pennsylvania, No. 4:25-MC-888 (M.D. Pa. Oct. 2, 2025). Judge Brann lifted the stay on November 14, 2025, and extended all case management deadlines in this and all other affected cases by 42 days. Id. at ECF Doc. No. 7.

After the United States failed to respond to Eaton's amended complaint, he moved for a default judgment in December 2025. (Docs. 20–24). On January 27, 2026, the court issued an order requiring the United States to show cause why the case should not be scheduled for an evidentiary hearing on the motion for default judgment. (Doc. 26). On February 13, 2026, the court granted the United States' motion to extend that deadline to March 12, 2026. (Doc. 29). Counsel then entered an appearance on Eaton's behalf on March 3, 2026. (Doc. 32). Shortly thereafter, Eaton moved, through counsel, to withdraw the motion for default judgment. (Doc. 33). The court granted the motion on March 13, 2026, and extended the deadline for the United States to respond to the lawsuit to May 6, 2026. (Doc. 35).

The United States timely filed the instant motion to dismiss on May 6, 2026, and after the court granted an extension of time, filed a brief a brief in support of the motion on May 27, 2026. (Docs. 37, 40). The United States seeks dismissal of the case without prejudice for failure to exhaust administrative remedies. (Id.) Eaton filed a brief responding to the motion on June 12, 2026. (Doc. 42). He acknowledges

that the FTCA and applicable case law appear to require dismissal, and simply requests that any dismissal be without prejudice because the court lacks jurisdiction over the case. (Id.) The United States filed a reply brief on June 25, 2026, noting that the motion is essentially unopposed and that the United States agrees that dismissal should be without prejudice. (Doc. 44). The motion is accordingly ripe for review.

## II. Discussion

Before a plaintiff may file an FTCA claim in federal court, he must exhaust administrative remedies by presenting the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). The claim may be filed in federal court after either (a) the agency denies the claim in writing, or (b) the agency has failed to rule on the claim within six months of its filing. Id. Exhaustion of administrative remedies for an FTCA claim is jurisdictional and cannot be waived. Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015). The failure to exhaust prior to filing suit in federal court also cannot be cured by completing the administrative process after filing suit. McNeil v. United States, 508 U.S. 106, 112–13 (1993).

In this case, the United States has produced evidence showing that Eaton failed to exhaust administrative remedies because he did not complete the administrative remedy process prior to filing this case. (See Doc. 40; Docs. 40-1 – 40-11). Eaton acknowledges that he failed to exhaust administrative remedies prior to filing this case and simply requests that any dismissal be without prejudice because the failure to exhaust administrative remedies under the FTCA deprives

the court of subject matter jurisdiction. (Doc. 42). The United States agrees in its reply brief that dismissal without prejudice is appropriate. Thus, because it is clear that Eaton failed to exhaust administrative remedies prior to filing this case and the parties agree that dismissal of this case without prejudice for lack of subject matter jurisdiction is the appropriate resolution of the case in light of that fact, the court will grant the motion to dismiss and dismiss the case without prejudice.

## III. Conclusion

The motion to dismiss is granted, and this case is dismissed without prejudice for lack of subject matter jurisdiction. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: October 20, 2026